IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RAY LUFBOROUGH,<br><br>Defendant. | CR 24-28-BLG-SPW<br><br>ORDER |

On May 7, 2024, Defendant Jason Edwin Lufborough pled guilty to 18 U.S.C. § 922(g)(1), prohibited person with a firearm. (Doc. 27). On October 15, 2024, Lufborough filed a Motion to Withdraw his Guilty Plea before sentencing, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). (Doc. 56). Lufborough argues under Rule 11's "fair and just" standard that he would not have pled guilty if the Ninth Circuit's opinion in *United States v. Duarte*—finding § 922(g)(1) unconstitutional as applied to a nonviolent felon—had been available to him. (*Id.* (citing 101 F.4th 786 (9th Cir. 2024))). In May and June 2024, *Duarte* was the most recent decision evaluating the constitutionality of § 922(g)(1) in the Ninth Circuit. However, the decision was vacated in July 2024. 101 F.4th 657, *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. Jul. 17, 2024). En banc oral argument is currently scheduled for the week of December 9, 2024. Order, *United*

1

*States v. Duarte*, No. 22-50048 (9th Cir. Aug. 2, 2024), ECF No. 87. As such, Lufborough asserts that should the Ninth Circuit affirm its May 2024 decision, it would directly impact his Second Amendment rights. (Doc. 56 at 3, 6).

The Government opposes the instant motion. (Doc. 59). The Government argues that § 922(g)(1) challenges are not "new" and the "mere possibility" of changed law is not a "fair and just" reason for withdrawal. (*Id.* at 1–2). Setting *Duarte* aside, the Government argues that Lufborough could have challenged § 922(g)(1)'s constitutionality under *New York State Rifle Association, Inc. v. Bruen*. (*Id.* at 5 (citing 597 U.S. 1 (2022))). However, Lufborough did not raise that issue before or when he entered his plea. (*Id.*). Finally, the Government argues that this Court is bound to uphold the constitutionality of § 922(g)(1) provided the vacated status of *Duarte*. (*Id.* at 5–6 (citing *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010))).

Lufborough did not reply.

For the following reasons, the Court denies Lufborough's motion.

**I.    Background**

According to Lufborough, on February 1, 2024, law enforcement responded to Western Pawn Brokers in Billings, Montana, based on a report of a break in. (Doc. 57 at 2). On scene officers identified Lufborough inside the building. (*Id.*). After a short foot chase, Lufborough was apprehended near a set of railroad tracks. (*Id.* at

2

2–3). At the railroad tracks, law enforcement found a Taurus Model G3C, 9 mm caliber, semi-automatic pistol. (*Id.* at 3). At the time of his arrest, Lufborough had convictions for felonies including criminal endangerment from 2009 as well as theft from a federal firearms licensee and felon in possession of firearms from 2012. (*Id.*).

On February 22, 2024, Lufborough was charged with possession of a firearm or ammunition by a felon in violation 18 U.S.C. § 922(g)(1). (Doc. 12). He pled guilty to the charge on May 7, 2024. (Doc. 14). The Court scheduled sentencing for September 11, 2024. (Doc. 32).

On May 9, 2024, a Ninth Circuit three-judge panel decided *United States v. Duarte*, finding § 922(g)(1) unconstitutional as applied to a nonviolent felon defendant. However, on July 17, 2024, the Ninth Circuit granted rehearing *en banc* in *Duarte* and vacated the panel's decision. 101 F.4th 657, *reh'g en banc granted*, *opinion vacated*, 108 F.4th 786. After vacating the panel's decision, the Circuit Court set the matter for en banc oral argument for the week of September 23, 2024. Order, *United States v. Duarte*, 108 F.4th 786, ECF 82. However, on August 2, 2024, the Ninth Circuit delayed *Duarte*'s oral argument for rehearing by approximately three months, from September 23, 2024, to December 9, 2024. Order, *United States v. Duarte*, No. 22-50048 (9th Cir. Aug. 2, 2024), ECF 87.

On August 7, 2024, Lufborough motioned this Court to continue sentencing for 30 days to determine the best way to move forward in light of the December

3

2024 oral argument. (Doc. 30 at 2). This Court denied the motion finding that Lufborough's counsel had "more than sufficient time to consult with [Lufborough] prior to the September 11, 2024, sentencing." (Doc. 39). Subsequently, Lufborough motioned the Court on August 28, 2024, to continue sentencing because he faced new charges in state custody. (Doc. 43). This Court granted the motion and reset sentencing to October 24, 2024. (Doc. 44).

Nine days before his sentencing, Lufborough filed the instant Motion to Withdraw his Guilty Plea. (Doc. 56).

## II. Analysis

Federal Rule of Criminal Procedure 11(d)(2) permits a defendant to withdraw his guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. R. 11(d)(2)(B). Rule 11's "fair and just" standard is interpreted broadly, requiring district courts to freely allow withdrawal anytime the defendant provides "any . . . reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008). Those reasons may include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* (citation, internal quotation marks, and emphasis omitted).

4

Nevertheless, "not every 'new reason' a defendant offers will merit withdrawal." *United States v. Hernandez*, 105 F.4th 1234, 1239 (9th Cir. 2024).

The district court may allow withdrawal under Rule 11's "fair and just" standard when the defendant meets two requirements. First, the defendant must offer "in good faith a 'new' basis for seeking to withdraw his plea, meaning that he subjectively did not know this 'new' reason for withdrawal at the time of his plea." *Id.* Second, the defendant "must show that objectively he could not have known or anticipated this 'new' material reason." *Id.* "Only then can the district court exercise its discretion to allow withdrawal under Rule 11's 'fair and just' standard." *Id.*

Here, Lufborough claims his Second Amendment rights may be directly implicated should the Ninth Circuit's decision in *Duarte* be upheld on rehearing. (Doc. 57 at 3). Lufborough offers *Duarte*'s procedural development as a good-faith "new" reason for withdrawing his guilty plea under Rule 11. Specifically, he argues that the *Duarte* decision was the first successful § 922(g)(1) challenge at the Circuit Court level and he subjectively did not know of its existence at the time he entered his plea. (*Id.* at 4–5). He then argues that he objectively could not have known or anticipated the *Duarte* decision and its impact on nonviolent felons when he entered his plea. (*Id.*). Therefore, Lufborough would never have pled guilty if *Duarte* were decided before Lufborough entered his plea. (*Id.* at 5).

5

The Government disagrees with Lufborough. The Government argues that Lufborough does not challenge Rule 11's adequacy, rather, Lufborough "wants to withdraw his guilty plea on the possibility that the law regarding [§] 922(g)(1) will change." (Doc. 59 at 5). The Government states that Lufborough had the benefit of raising a Second Amendment challenge under *Bruen* at the time of his plea but did not do so. (*Id.*). Further, the Government emphasizes that since Lufborough's plea entry, this Court has upheld § 922(g)(1)'s constitutionality even as applied to nonviolent felons. (*Id.* at 5–6 (citing *United States v. Lyles*, CR 23-122-BLG (2024); *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010))). The Government concludes that § 922(g)(1) remains constitutional and thus, no "fair and just" reason exists for Lufborough to withdraw his guilty plea. (*Id.* at 6).

The Court will analyze the parties' arguments under Rule 11's "fair and just" standard.

A. *Good-Faith "New" Basis*

Under Rule 11's "fair and just" standard, a criminal defendant may withdraw his guilty plea by offering a good-faith "new" reason. *Hernandez*, 105 F.4th at 1239. "[H]e must show that he genuinely did not know of this 'new' reason to withdraw his plea at the time of his plea deal, and that this new reason is not a pretextual excuse." *Id.* Otherwise, the defendant may be experiencing buyer's remorse,

engaging in gamesmanship, or requesting to withdraw his plea "simply on a lark." *Id.*; *United States v. Hyde*, 520 U.S. 670, 676 (1997).

Here, Lufborough states that he did not know of the *Duarte* decision at the time he entered his plea, and had he known, he would not have pled guilty. The Court agrees that Lufborough did not know of the *Duarte* decision at the time of his plea because it was impossible to know. The decision did not exist. The *Duarte* decision was filed on May 9, 2024, approximately two days after Lufborough's change of plea hearing. From May 9, 2024, to July 17, 2024, *Duarte* was new law and may have served Lufborough as a "new" good-faith reason for withdrawal. Presently, the circumstances have changed. The *Duarte* opinion is vacated, and Lufborough asks this Court to consider *Duarte* as a good-faith "new" basis for withdrawal. Consequently, the Court cannot support Lufborough's proposition.

The Court will not go so far as to label Lufborough's reason for withdrawal as pretextual, but the reason is misguided. Lufborough's reason is misguided because: (1) the Court cannot rely on a vacated decision as precedential authority and (2) the lack of certainty on when the question raised in *Duarte* will be resolved favors denial of the instant motion rather than waiting an unknowable amount of time for the Ninth Circuit to act.

First, the Court cannot accept the *Duarte* opinion as a reason to withdraw Lufborough's guilty plea because the opinion is vacated. This Court recognizes that

7

"a decision that has been vacated has no precedential authority whatsoever." *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) (internal citation omitted). Without precedential authority, the Court cannot certify a vacated decision as a good-faith "new" reason under Rule 11. Accordingly, this Court is bound by the ruling in *United States v. Vongxay*, upholding § 922(g)(1)'s constitutionality. 594 F.3d 1111.

*Vongxay*'s precedent stands, as this Court, other judges in the District of Montana, and other district courts in the Ninth Circuit have repeatedly held before *Duarte* and after *Duarte* was vacated. *See, e.g., United States v. Page*, CR 23-06-H, 2023 WL 8702081, at *2 (D. Mont. Dec. 15, 2023) (collecting District of Montana and other Ninth Circuit district courts holding that *Vongxay* "remains binding authority after *Bruen*"); *United States v. Thomas*, 2:22-cr-0129, 2024 WL 3459059, at *1 (D. Nev. July 18, 2024) (applying *Vongxay* after *Duarte* was vacated); *United States v. Coleman*, CR-23-02363-001, 2024 WL 3890710, at *2 (D. Ariz. July 29, 2024), *report and recommendation adopted by* 2024 WL 3888700 (same). *Vongxay* also is clear that there is no constitutional distinction between violent and nonviolent felons, undermining Lufborough's claim that his nonviolent felonies would exclude him from § 922(g)(1)'s prohibition. *Id.* at 1116–17; *see also United States v. Phillips*, 827 F.3d 1171, 1173–74 (9th Cir. 2016); *Coleman*, 2024 WL 3890710, at *2.

Second, the Court does not know and cannot know how expeditiously the Ninth Circuit will or will not act. The lack of certainty favors denial of the instant motion. Lufborough claims that if the Ninth Circuit affirms *Duarte*, his Second Amendment rights may be protected. (Doc. 57 at 3). Lufborough's counsel made a similar argument in his motion to continue sentencing. (Doc. 20 at 2 ("[C]ounsel respectfully requests a continuance in this matter for 30 days to consult with Mr. Lufborough and determine what is the best way to move forward in light of the December 2024, [*Duarte*] oral argument.")). The Court denied the motion finding that counsel for Lufborough had more than sufficient time to consult about the matter. (Doc. 39). The Court cannot know how fast the Ninth Circuit will act or what it will decide. Thus, as it stands, the Court finds that the lack of certainty of when the question in *Duarte* will be resolved favors denial of the instant motion.

"[N]ot every 'new' reason a defendant offers will merit withdrawal," especially a reason lacking precedential authority. *Hernandez*, 105 F.4th at 1239. Though Lufborough did not know about the *Duarte* decision when he entered a guilty plea, *Duarte*'s precedential status changed by the time Lufborough motioned the Court. Thus, the vacated *Duarte* opinion is not a good-faith "new" basis and is not a sufficient reason to justify withdrawal.

### B. *Objectively Reasonable Standard*

If Lufborough had offered a good-faith "new" basis for withdrawing his plea, the Court would need to decide whether "proper [information] 'could have at least plausibly motivated a person in [the defendant's] position not to have pled guilty.'" *McTiernan*, 546 F.3d at 1168 (quoting *United States v. Garcia*, 401 F.3d 1008, 1011–12 (9th Cir. 2005). The Court would need to determine whether the defendant could have reasonably understood or anticipated the "new" material basis when he entered his plea. *Hernandez*, 105 F.4th at 1240.

Here, Lufborough states that he objectively could not have known or anticipated *Duarte*'s outcome and its implications on nonviolent felons. (Doc. 57 at 4–5). Lufborough would have filed a motion to dismiss had *Duarte* been decided at the time he entered his plea. (*Id.* at 5). Accordingly, he requests to withdraw his guilty plea on the notion that any defendant in his position would not have pled guilty had *Duarte* been available.

The Court agrees that it was impossible to know when and how the Ninth Circuit was going to decide *Duarte*. If *Duarte* had remained in effect, it would have at least plausibly motivated a person in Lufborough's position to plead not guilty. However, as analyzed above, *Duarte*'s vacated status, without precedential effect, does not justify withdrawal under Rule 11. Therefore, the Court cannot analyze whether a reasonable person could have known about *Duarte* or anticipated *Duarte*

at the time of plea because *Duarte* does not satisfy the good-faith "new" basis requirement.

### III.  Conclusion

Accordingly, under Federal Rule of Criminal Procedure 11(d)(2)(B), Lufborough's reliance on *Duarte*'s vacated opinion is not a "fair and just" reason to withdraw his plea of guilt.  IT IS SO ORDERED that Defendant Michael Ray Lufborough's Motion to Withdraw his Guilty Plea (Doc. 56) is DENIED.

DATED this 8th day of November, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge